UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC FARRIS,

    Plaintiff,

  v.

R. RUIZ,

    Defendant.

Case No. 20-cv-01907-DMR (PR)

**ORDER OF SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations at SVSP. Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. Dkt. 4.

His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order. Dkt. 6.

Venue is proper because the events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff states an excessive force claim stemming from a September 27, 2018 incident. Plaintiff names Defendant R. Ruiz (hereinafter "Defendant"), who is a correctional officer at SVSP. Plaintiff seeks declaratory judgement and monetary damages.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Excessive Force Claim

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that on September 27, 2018, during the restroom break of the Afternoon Educational Program, Plaintiff was "attacked and assaulted by 'three' other inmates that were also assigned to the Educational Program." Dkt. 1 at 2.[1] Plaintiff's ear was bleeding after the assault, and he cleaned it up in the restroom. *Id.* The Afternoon Educational Program was subsequently released to the exercise yard. *Id.* at 3. Plaintiff and his cellmate were then approached in the yard and assaulted by the three inmates who assaulted Plaintiff earlier that day. *Id.* Plaintiff states that he and his cellmate "'never' kicked or stomp[]ed" the other inmates involved in the fight. *Id.* During the fight, Plaintiff "was shot 'directly' and intentionally in his left leg by . . . [Defendant's] state issued 40 mm[.] launcher while Plaintiff was acting in compliance with orders to get down, and not involved in any form of physical altercation at all." *Id.* at 4. Defendant specifically yelled out to other responding correctional staff that he fired a total of two shots from his state-issued launcher and all the while he was "laughing and m[a]king jokes at Plaintiff." *Id.*

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

1    Plaintiff also claims that in Defendant's Rule Violation Report ("RVR"), Defendant claimed that "Plaintiff was kicking and stomping [at the other inmate who attacked him]" because Defendant's "sole purpose" was to justify his use of force. *Id.* at 4. Plaintiff adds that Defendant "failed to provide in such reference or any such report of Plaintiff [sustaining] a broken leg as a result of Plaintiff's injury being caused by the 40 mm[.] launcher [Defendant] utilized." *Id.* While the crime/incident report states there is no serious bodily harm, Plaintiff alleges that his sustained injures were a result of the unreasonable, unnecessary and excessive use of force utilized by Defendant. *Id.* at 4-5.

Based on the aforementioned actions, Plaintiff claims that Defendant's "wrongful, malicious and sadistical actions alleged herein are in violation of 42 U.S.C. § 1983 because he deprived Plaintiff of his [Eighth Amendment] rights secured by the United States Constitution." *Id.* at 9. Acting under the color of state law, Plaintiff states that Defendant's actions were "willful, intentional, malicious, wanton, and despicable in conscious disregard of Plaintiff's rights . . . ." *Id.*

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendant.

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for excessive force against Defendant.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to **Correctional Officer R. Ruiz** at SVSP. The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant

to Rule 4, if Defendant, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later. **Defendant shall also respond to the Notice of Assignment of Prisoner Case to a United States Magistrate Judge for Trial by filing a consent/declination form on the date the Answer is due.**

    4.    Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a.    No later than **sixty (60) days** from the date their answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

        b.        Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

        c.        Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and

documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

      d.    Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

      e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

6. All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: October 13, 2020

DONNA M. RYU
United States Magistrate Judge

7